IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JAROD MCKINLEY ADKINSON,
    Petitioner,

vs.                                                                     Case No.: 3:19cv1782/LAC/EMT

MARK S. INCH,
    Respondent.
_____/

## **REPORT AND RECOMMENDATION**

This cause is before the court on an amended petition for writ of habeas corpus filed by Petitioner under 28 U.S.C. § 2254 (ECF No. 8). Respondent filed a motion to dismiss the petition on the ground that one of Petitioner's three claims is unexhausted (ECF No. 17). On November 7, 2019, the court directed Petitioner to respond to the motion to dismiss (*see* ECF No. 18), but he has not done so.[1]

The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters.

---

[1] The copy of the court's order mailed to Petitioner at his address of record (the Okaloosa County Jail) was returned to the court marked, "Not in Jail" (*see* ECF No. 19). The court re-mailed the order to Petitioner's release address indicated on the Okaloosa County Sheriff's Office public website (7395 Old River Road, Baker, Florida 32531) (*see id.*). On December 13, 2019, the court made further efforts to locate Petitioner by searching the public website of the Florida Department of Corrections ("FDOC"), and discovered he is an FDOC inmate housed at the Northwest Florida Reception Center Annex. On that date, the court again re-mailed the order to him at that institution (*see* ECF No. 20). The court still has received no communication from Petitioner.

Page 2 of 10

*See* N.D. Fla. Loc. R. 72.2(B); *see also* 28 U.S.C. § 636(b)(1)(B), (C) and Fed. R. Civ. P. 72(b). After careful consideration of all issues presented by the parties, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this matter, Rule 8(a), Rules Governing Section 2254 Cases. It is further the opinion of the undersigned that the pleadings and attachments before the court show that the habeas petition should be dismissed without prejudice.

I.   BACKGROUND AND PROCEDURAL HISTORY[2]

Petitioner was charged in the Circuit Court in and for Okaloosa County, Florida, Case No. 2017-CF-1828, with one count of burglary of an unoccupied conveyance (Count 1) and one count of petit theft (Count 2) (Ex. B). Following Petitioner's entry of a no contest plea to both charges, the court adjudicated him guilty on June 21, 2018, and sentenced him to three (3) years of imprisonment on Count 1 and a concurrent term of time served on Count 2, with pre-sentence jail credit of 349 days (Ex. C).

Petitioner commenced this federal habeas case on June 4, 2019 (*see* ECF No. 1). He filed an amended petition on July 23, 2019 (ECF No. 8). In the amended petition he asserts the following three grounds for relief:

---

[2] The facts included in this section are drawn from the state court record attached to Respondent's motion to dismiss (ECF No. 17).

> Ground One: "Okaloosa County has violated my Sixth Amendment right to a speedy trial."
>
> Ground Two: "Okaloosa County Circuit Court has denied me my due process rights by not providing me with documents pertaining to my case, stating I was unable to pay for the discovery $37.55 so I could not have a copy."
>
> Ground Three: "Violating my Fifth Amendment right by forcing me to plea out to the bench. I was forced by trickery of court appointed counsel Lisa Rivers and Larisa Dudley [the prosecutor] by forcing me into an open plea before the bench before Michael A. Flowers who sentenced me to three years."

(ECF No. 8 at 9, 11. 13). Petitioner states he did not present any of his claims to the state courts (*id.*).[3]

Shortly after Petitioner commenced this case, he sent a letter to the clerk of the state circuit court enclosing a copy of an application for clemency and requesting a copy of the charging document and judgment and sentence (Ex. F). On July 5, 2019, the clerk of court sent Petitioner the requested documents, free of charge, as

---

[3] Petitioner filed his initial petition on the court-approved form for use in § 2241 cases (ECF No. 1). In that petition, he asserted he had presented all of his claims in the appeals that were available to him (*see* ECF No. 1 at 6–7). Unlike the § 2254 petition form, the § 2241 form does not include detailed questions about exhaustion. Petitioner then requested leave to file an amended habeas petition (ECF No. 6), and the court granted his request (ECF No. 7). Petitioner filed his amended habeas petition on the § 2254 petition form (ECF No. 8). In his amended petition, he included this additional information about exhaustion, i.e., that he did **not** present his claims to the state courts.

well as the copy of his application for clemency (the application itself stated it was to be sent to the Office of Executive Clemency in Tallahassee, Florida) (Ex. G).

On August 9, 2019, Petitioner filed a petition for writ of habeas corpus in the Florida First District Court of Appeal ("First DCA"), Case No. 1D19-3173, seeking reversal of the judgment and sentence on the ground that the trial judge had a conflict of interest (Ex. H). On October 25, 2019, the First DCA dismissed the petition for Petitioner's failure to comply with an order of the court (*see id.*).

Respondent contends the habeas petition is subject to dismissal on the following grounds: (1) Ground One was procedurally defaulted in the state court and is thus procedurally barred from federal review; (2) Ground Two is conclusory and fails to state a claim for relief; and (3) Ground Three is unexhausted but could be presented to the state courts in a timely Rule 3.850 motion (ECF No. 17 at 5–8). Respondent requests that the court dismiss the amended § 2254 petition to allow Petitioner the opportunity to return to state court to satisfy the exhaustion requirement with respect to Ground Three (*id.* at 8–9).

On November 7, 2019, the court directed Petitioner to reply to Respondent's motion to dismiss (*see* ECF No. 18). As previously discussed, Petitioner has not responded to the order.

## II.   DISCUSSION

Before bringing a habeas action in federal court, the petitioner must exhaust all state court remedies that are available for challenging his conviction, either on direct appeal or in a state post-conviction motion.  *See* 28 U.S.C. § 2254(b), (c).  If a petitioner fails to exhaust state remedies, the district court should dismiss the petition without prejudice to allow exhaustion.  *See Rose v. Lundy*, 455 U.S. 509, 519–20, 102 S. Ct. 1198, 71 L. Ed. 2d 379 (1982).  A "mixed" petition, containing both exhausted and unexhausted claims, also should be dismissed without prejudice to allow the petitioner to either exhaust state remedies, bring a new petition presenting only the exhausted claims, or amend the petition to remove any unexhausted claims.  *Id.* at 519–20.  To fully exhaust state remedies, the petitioner must "fairly present[ ]" every issue raised in his federal petition to the state's highest court, either on direct appeal or on collateral review.  *Castille v. Peoples*, 489 U.S. 346, 351, 109 S. Ct. 1056, 103 L. Ed. 2d 380 (1989).

In the event that dismissal of a habeas petition would result in any subsequent petition being time-barred under the statutory one-year limitations period, the district court may employ a "stay-and-abeyance" procedure, whereby the court would stay the timely filed petition and hold it in abeyance while the petitioner returns to state court to exhaust all of his previously unexhausted claims.  *See Rhines v. Weber*, 544

U.S. 269, 275–78, 125 S. Ct. 1528, 161 L. Ed. 2d 440; *see also* 28 U.S.C. § 2244(d)(1) (establishing a one-year filing limitation for state prisoners). This procedure is available only in limited circumstances, but is appropriate where (1) there was good cause for the petitioner's failure to exhaust his claims first in state court, (2) the unexhausted claims are not plainly meritless, and (3) there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. *See Rhines*, 544 U.S. at 277–78.

If the district court determines that stay and abeyance is not appropriate and dismissal of the entire petition would unreasonably impair the petitioner's right to obtain federal relief, the court should allow the petitioner to delete the unexhausted claims and proceed solely on the exhausted claims. *See Rhines*, 544 U.S. at 278; *see also, e.g., Isaac v. Augusta SMP Warden*, 470 F. App'x 816, 819 (11h Cir. 2012) (citing *Rhines*). The Eleventh Circuit has held that a district court, when considering a mixed § 2254 petition under *Rhines*, must first determine whether a stay is unwarranted before offering the petitioner the choice to proceed with only the exhausted claims or face dismissal of his entire petition. *See Thompson v. Sec'y Dep't of Corr.*, 425 F.3d 1364, 1365–66 (11th Cir. 2005) (applying *Rhines* where petitioner filed a mixed petition on the last day of the statutory one-year filing deadline and subsequently moved for a stay and abeyance).

As previously noted, Petitioner did not respond to Respondent's motion to dismiss. Therefore, on January 27, 2020, the court reviewed the claims presented in the amended § 2254 petition, the arguments presented in Respondent's motion to dismiss, and the state court record (*see* ECF No. 21). The court determined that the amended habeas petition was indeed a "mixed" petition (*see id.*). Specifically, the court determined that Ground One was technically exhausted, because Petitioner procedurally defaulted the claim in the state courts (*id.* at 6). The court determined that Ground Two did not appear to present a cognizable federal habeas claim (*id.* at 6–7). And the court determined that Ground Three was not exhausted, because there is an available vehicle for Petitioner to present the claim to the state courts (*id.* at 7–8).

The court additionally determined that a stay was not warranted, because Petitioner had not shown good cause for his failure to exhaust Ground Three prior to asserting it in federal court, and Petitioner had not shown that the claim was potentially meritorious (*see* ECF No. 21 at 8). Because the stay and abeyance procedure was not warranted, the court offered Petitioner the following choice: (1) file a second amended petition which **did not include** his unexhausted claim (**Ground Three**) and proceed with only the exhausted claim(s), or (2) face dismissal of his entire § 2254 petition. The court directed Petitioner to file a second amended

petition within thirty (30) days of the date of issuance of the order on January 27, 2020 (*id.* at 8). And the court expressly notified Petitioner that his failure to comply would result in a recommendation of dismissal of this case without further notice (*id.* at 9).

Petitioner's thirty-day deadline to respond to the court's order of January 27 has passed, and he has not filed a second amended petition or otherwise responded to the order. Therefore, the undersigned recommends that Petitioner's mixed amended petition (ECF No. 8) be dismissed without prejudice to his filing a new federal habeas action after he exhausts all of his claims in state court.

## III. CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." 28 U.S.C. § 2254 Rule 11(a). A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. 28 U.S.C. § 2254 Rule 11(b).

"Section 2253(c) permits the issuance of a COA only where a petitioner has made a 'substantial showing of the denial of a constitutional right.'" *Miller-El v.*

*Cockrell*, 537 U.S. 322, 336, 123 S. Ct. 1029, 154 L. Ed. 2d 931 (2003) (quoting § 2253(c)(2)). "At the COA stage, the only question is whether the applicant has shown that 'jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" *Buck v. Davis*, 580 U.S.—, 137 S. Ct. 759, 773, 197 L. Ed. 2d 1 (2017) (citing *Miller-El*, 537 U.S. at 327). The petitioner here cannot make that showing. Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED**:

1. That Respondent's motion to dismiss (ECF No. 17) be **GRANTED**.

2. That the amended petition for writ of habeas corpus (ECF No. 8) be **DISMISSED without prejudice**.

3. That a certificate of appealability be **DENIED**.

At Pensacola, Florida, this 5<u>th</u> day of March 2020.


<div style="margin-left: 40%;">
<u>/s/ *Elizabeth M. Timothy*</u>
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**
</div>


## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**